UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
UNITED STATES OF AMERICA,                           :
                               Plaintiff,   :        12 CR 00045 (RJS)
                                                           Electronically Filed

      -against-

TAIJAY TODD, et al.,
                               Defendant.  :
---------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT TAIJAY TODD'S
PRETRIAL MOTIONS PURSUANT TO RULE 12(b) and 14, FED.R.CRIM.P.**

                                              Ellyn I. Bank, Esq.
                                              LAW OFFICES OF ELLYN I. BANK
                                              225 Broadway, Suite 715
                                              New York, NY 10007
                                              212.385.1800
                                              Attorney for Defendant
                                              Taijay Todd

**TABLE OF CONTENTS**

STATEMENT OF FACTS ………………………………………………………………… 1

ARGUMENT

POINT I

THE EVIDENCE RECOVERED PURSUANT TO THE
WARRANTLESS SEARCH OF MR. TODD
AND MS. SAMUEL'S APARTMENT SHOULD BE SUPPRESSED …………………… 2

POINT II

MR. TODD'S STATEMENTS MUST BE SUPPRESSED
ON TWO GROUNDS: AGENTS IGNORED HIS
REQUEST FOR COUNSEL AND HE WAS NOT
ADVISED OF HIS *MIRANDA* RIGHTS ……………………………………………....... 4

1. AGENTS IGNORED MR. TODD'S REQUEST FOR COUNSEL …………………….. 4

2. MR. TODD WAS NEVER INFORMED
OF HIS *MIRANDA* RIGHTS AFTER BEING ARRESTED …………………………… 5

POINT III
MR. TODD'S CASE SHOULD BE SEVERED
FROM HIS CO-DEFENDANTS JERMAINE DORE
AND DWAYNE BARRETT TO GUARANTEE HIS
RIGHT TO A FAIR TRIAL AND PREVENT
A WRONGFUL CONVICTION ………………………………………………………... 6

CONCLUSION ………………………………………………………………………….. 7

## TABLE OF AUTHORITIES

### CASES

*Boyd v. United States*, 116 U.S. 616 (1886) ……………………………………………….. 3

*Davis v. United States*, 328 U.S. 582 (1946) ……………………………………………… 3

*Edwards v. Arizona*, 451 U.S. 477 (1981) ………………………………………………… 4

*Katz v. United States*, 299 U.S. 347 (1967) ……………………………………………….. 2

*Kotteakos v. United States*, 328 U.S. 750 (1946) ………………………………………….. 6

*Michigan v. Harvey*, 494 U.S. 344 (1990) ………………………………………………… 5

*Michigan v. Jackson*, 475 U.S. 625 (1986) ……………………………………………….. 4

*Minnick v. Mississippi*, 498 U.S. 146 (1990) …………………………………………….. 4

*Miranda v. Arizona*, 384 U.S. 436 (1966) ………………………………………………… 5

*Schneckloth v. Bustamonte*, 412 U.S. 218 (1973) ……………………………………….. 2, 3

*United States v. Arango-Correa*, 851 F.2d 54 (2d Cir. 1988) …………………………….... 3

*United States v. Bye*, 919 F.2d 6 (2d Cir. 1990) ……………………………………………. 3

*United States v. Feyer*, 333 F.3d 110 (3d Cir. 2003) ……………………………………….. 6

*United States v. Matlock*, 415 U.S. 164 (1974) …………………………………………….. 3

*United States v. Spinelli*, 352 F.3d 48 (2d Cir. 2003) ………………………………………. 6

*United States v. Wilson*, 11 F.3d 346 (2d Cir. 1993) ……………………………………….. 3

*Wong Sun v. United States*, 83 U.S. 471 (1963) ……………………………………………. 2

*Zafiro v. United States*, 506 U.S. 534 (1993) ……………………………………………….. 6

*Zap v. United States*, 328 U.S. 624 (1946) ………………………………………………….. 3

### STATUTES

US Const. Amend. IV ………………………………………………………………………… 2

US Const. Amend. V …………………………………………………………………………. 4

Rule 12(b), Fed.R.Crim.P. …………………………………………………………………….. 1

Rule 14, Fed.R.Crim.P. …………………………………………………………………….. 1, 6

18 USC §1951(b)(1) ………………………………………………………………………….. 1

18 USC §924(c)(1)(A)(iii) ……………………………………………………………………. 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
UNITED STATES OF AMERICA,                          :
                                   Plaintiff,    :         12 CR 00045 (RJS)
                                                      :         Electronically Filed
     -against-

TAIJAY TODD, et al.,
                                   Defendant.    :
-------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT TAIJAY TODD'S
PRETRIAL MOTIONS PURSUANT TO RULE 12(b) and 14, FED.R.CRIM.P.**

     This memorandum of law is submitted in support of defendant Taijay Todd's pretrial motions pursuant to Rule 12(b), Fed.R.Crim.P. and Rule 14, Fed.R.Crim.P.

**STATEMENT OF FACTS**

     Mr. Todd is charged in Counts I and II in a seven count Indictment, with conspiracy to commit robbery, along with four co-defendants, in violation of 18 U.S.C. §1951(b)(1), and carrying a firearm in connection with a crime of violence, in violation of 18 U.S.C. §924(c)(1)(A)(iii).

     On January 19, 2012, Mr. Todd and Ms. Samuel, along with her daughter and their son, were living at 910 E. 222nd Street, Apt 41, Bronx, New York.[1] On January 19, 2012, Ms. Samuel was woken up between 5:30AM and 6:30AM by loud knocking on the door. When she got to the front door, she could see through the peephole that there were armed officers outside her apartment. Ms. Samuel opened the door and ATF agents went into her apartment, where they arrested and handcuffed Mr. Todd. The agents took Mr. Todd into the kitchen, where he told them that he was invoking his Fifth Amendment right to counsel. When Ms. Samuel went into her bedroom to retrieve warm clothing for her infant son, an officer asked Ms. Samuel for

---

[1] Ms. Samuels and Mr. Todd have a son together, who at the time of Mr. Todd's arrest was three months old.

permission to search the apartment. When Ms. Samuel asked if they had a warrant, the officer told her that they did not, but they could easily obtain a search warrant. He continued that if they had to come back with a search warrant, she would not like the way they conducted the search; but if she agreed it would be done in an orderly fashion. At this point, Ms. Samuel reluctantly agreed and signed the consent to search form. The agents recovered a cell phone.

After searching the apartment, Mr. Todd was arrested. He was then taken by the agents to their office, where he was interrogated by officers about his involvement in a robbery, and where the officer alleged that Mr. Todd dropped a cell phone. Mr. Todd was not given his *Miranda* rights at the time he was arrested, nor when he was transported by the agents to their office. Mr. Todd did not sign a waiver of his Miranda rights.

## ARGUMENT

## POINT I

## THE EVIDENCE RECOVERED PURSUANT TO THE WARRANTLESS SEARCH OF MR. TODD AND MS. SAMUEL'S APARTMENT SHOULD BE SUPPRESSED.

The Fourth Amendment protects against "unreasonable searches and seizures." U.S. Const., amend IV. In order to safeguard this Fourth Amendment right, "a search conducted without a warrant issued upon probable cause is 'per se unreasonable… subject only to a few specifically established and well-delineated exceptions.'" *Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973) quoting *Katz v. United States*, 299 U.S. 347, 357 (1967). In the event that evidence is recovered pursuant to an unlawful search, the Supreme Court has stated that this evidence is inadmissible. *Wong Sun v. United States*, 83 U.S. 471 (1963).

However, "[i]t is equally well settled that one of the specifically established exceptions to the requirements of both a warrant and probable cause is a search that is conducted pursuant to consent." *Schneckloth*, 412 U.S. at 219 (1973), citing *Davis v. United States*, 328 U.S. 582, 593-594 (1946), and *Zap v. United States*, 328 U.S. 624, 630 (1946). This consent to search can be given by the defendant or by a third party who also has the authority "or other sufficient relationship to the premises or effects sought to be inspected". *United States v. Matlock*, 415 U.S. 164, 171 (1974). However, this consent must be given voluntarily, "not [as the] result of duress or coercion, express or implied." *Schneckloth*, 412 U.S. at 248. In determining voluntariness, the "proper test is whether […] the consent were 'the product of an essentially free and unconstrained choice by [their] maker.'" *United States v. Bye*, 919 F.2d 6, 9 (2d Cir.1990), quoting *United States v. Arango-Correa*, 851 F.2d 54, 57 (2d Cir. 1988); see also *United States v. Wilson*, 11 F.3d 346 (2d Cir. 1993). Even an "implied threat" will negate the consent, for "no matter how subtly the coercion was applied, the resulting 'consent' would be no more than a pretext for the unjustified police intrusion against which the Fourth Amendment is directed…. '[for] illegitimate and unconstitutional practices get their first footing … [through] silent approaches and slight deviations from legal modes of procedure.'" *Id* at 228, quoting *Boyd v. United States*, 116 U.S. 616, 635 (1886). The Court must look at the totality of the circumstances in determining if the consent given was in fact voluntary, including "subtly coercive police questions, as well as the possibly vulnerable subjective state of the person who consents." *Schneckloth*, 412 U.S. at 229.

Here, neither Mr. Todd nor Ms. Samuel, who both resided in the apartment, gave willful or voluntary consent to the agents for the search of the premises. When Ms. Samuel did not

consent to the search at first, the officers threatened to ransack the apartment if she did not grant them consent to search.

Additionally, the officers told her that they could easily get a search warrant, making Ms. Samuel believe that the search of her apartment was inevitable, which it was not. As Ms. Samuel did not voluntarily consent to the search, the search was illegal and thus any and all evidence obtained in the warrantless search is inadmissible.

Accordingly, Mr. Todd respectfully requests that the Court grant this motion to suppress the seized items because they are the fruit of an unlawful search. Alternatively, Mr. Todd requests that this Court conduct an evidentiary hearing on this issue.

## POINT II

## MR. TODD'S STATEMENTS MUST BE SUPPRESSED ON TWO GROUNDS: AGENTS IGNORED HIS REQUEST FOR COUNSEL AND HE WAS NOT ADVISED OF HIS *MIRANDA* RIGHTS

### 1. AGENTS IGNORED MR. TODD'S REQUEST FOR COUNSEL

Fifth Amendment violations mandate suppression of Mr. Todd's post-arrest statements because the ATF agents ignored Mr. Todd's request for an attorney. The rule established by the Supreme Court in *Edwards v. Arizona*, 451 U.S. 477, 484-85 (1981), states that a preindictment suspect who asserts his Fifth Amendment right to counsel may not be questioned outside the presence of counsel unless the accused himself initiates further communication, exchanges, or conversations with the police.

The *Edwards* holding was intended to create a "clear, 'bright-line' rule," *Michigan v. Jackson*, 475 U.S. 625, 634 (1986), in order "to prevent police from badgering a defendant into waiving his previously asserted Miranda rights," *Minnick v. Mississippi*, 498 U.S. 146 (1990)

quoting *Michigan v. Harvey*, 494 U.S. 344 (1990)). Once *Miranda* warnings have been given, the subsequent procedure is clear. If the individual indicates in any manner, at any point in time prior to or during questioning, that he wishes to remain silent, the interrogation must cease." See *Miranda v. Arizona*, 384 U.S. 436 (1966).

      Mr. Todd's request for an attorney was ignored by the agents that arrested him. When he was told why he was being arrested, Mr. Todd told the agents that he wanted an attorney. Despite his request for an attorney, he was taken into custody and questioned by the agents, a clear violation of his *Miranda* rights. Accordingly, the Court should suppress Mr. Todd's statements to the agents as they were obtained in violation of Mr. Todd's right to counsel.

## 2. MR. TODD WAS NEVER INFORMED OF HIS *MIRANDA* RIGHTS AFTER BEING ARRESTED

      *Miranda v. Arizona,* 344 U.S. 436 (1966), requires that before interrogation, a person in custody must be informed clearly that s/he has a right to remain silent and that anything s/he says will be used against him/her in court; that the person in custody must be informed clearly of the right to consult with a lawyer and have one present during interrogation; and that a lawyer will be appointed for the person in custody if s/he is not able to afford to pay a lawyer. When a person in custody is interrogated without being advised of his *Miranda* rights, then any statements made are inadmissible and must be suppressed.

      Mr. Todd was taken into custody upon his arrest on January 19, 2012. He was transported to the agents' office, where he was held and interrogated by ATF agents about his involvement in a robbery where they alleged he dropped a cell phone. At no point prior to the interrogation

5

was Mr. Todd advised of his *Miranda* rights or given an attorney, therefore any and all statements made subsequent to his arrest must be suppressed.

Accordingly, Mr. Todd respectfully requests that the Court grant this motion to suppress the statements made because he was not told his *Miranda* rights. Alternatively, Mr. Todd requests that this Court conduct an evidentiary hearing on this issue.

# POINT III

# MR. TODD'S CASE SHOULD BE SEVERED FROM HIS CO-DEFENDANTS JERMAINE DORE AND DWAYNE BARRETT TO GUARANTEE HIS RIGHT TO A FAIR TRIAL AND PREVENT A WRONGFUL CONVICTION

Rule 14 of the Federal Rules of Criminal Procedure states that, "[i]f joinder of […] defendants in an indictment […] appears to prejudice a defendant […], the court may sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a); see also *United States v. Spinelli*, 352 F.3d 48, 54 (2d Cir. 2003); *United States v. Feyer*, 333 F.3d 110, 114 (2d Cir. 2003). Where the risk of prejudice is high, the Court should grant a motion to sever. *Zafiro v. United States*, 506 U.S. 534, 539 (1993). Risk of prejudice occurs "when evidence that the jury should not consider against a defendant and that would not be admissible if a defendant were to be tried alone is admitted against a co-defendant." *Zafiro*, 506 U.S. at 539. A heightened risk of prejudice often arises "when many defendants are tried together in a complex case and they have markedly different degrees of culpability." See *Kotteakos v. United States*, 328 U.S. 750, 774-75 (1946). In these cases, evidence of a co-defendant's wrong doing seriously compromises the jury's ability to make an independent judgment regarding the defendant's guilt or innocence.

In the instant case, the risk of prejudice is extremely high. Mr. Todd is charged with conspiracy to commit a robbery and carrying a firearm in connection with violent crimes. His co-defendants Jermaine Dore and Dwayne Barrett are charged in a separate overt act, where a murder was committed during the course of a robbery. The introduction of evidence relating to the murder on December 12 is unfairly prejudicial against Mr. Todd and would not otherwise be admitted against him at trial. In light of the substantial risk of prejudicial spillover, it is respectfully submitted that Mr. Todd should not be exposed to unfair prejudice that will result from a joint trial, and should instead be granted a severance.

## CONCLUSION

For the foregoing reasons, it is respectfully submitted that the Court should suppress the cell phone obtained as the fruit of an unlawful search and seizure, Mr. Todd's statements to the officers as they were obtained in violation of his Fifth Amendment right to counsel and he was not given his *Miranda* rights. The defendant also requests that his case be severed from co-defendants Jermaine Dore and Dwayne Barrett, since the evidence of the felony murder will be prejudicial towards Mr. Todd.

Dated: September 28, 2012
New York, New York

                                          Respectfully Submitted,

                                          /S/ Ellyn I. Bank_____
                                          Ellyn I. Bank
                                          LAW OFFICES OF ELLYN I. BANK
                                          225 Broadway, Suite 715
                                          New York, NY 10007
                                          212.385.1800
                                          Attorney for Defendant Taijay Todd