UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES<br><br>- v. -<br><br>TAIJAY TODD,<br><br>            Defendant. | 12 Cr. 45 (RJS) |

**SUPPLEMENTAL RESENTENCING MEMORANDUM OF THE UNITED STATES**

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York
One St. Andrew's Plaza
New York, New York 10007

Michael D. Maimin
Assistant United States Attorney
    -Of Counsel-

The Government respectfully submits this brief supplemental memorandum to respond to defendant Taijay Todd's letter, dated yesterday, urging this Court to instruct the BOP to run the sentence it imposes today concurrently with the 15-month VOSR sentence this Court imposed on January 10, 2014. (Docket Entry 624 (the "Letter"). This memorandum simply sets forth the law and the facts regarding the imposition of sentence and this Court's authority in imposing today's sentence.

First, the Attorney General—through his designees at the BOP—and not this Court determine the award of credits when imposing sentence. *United States v. Wilson*, 503 U.S. 329, 332–33 (1992). As the Supreme Court explained, in delineating those responsibilities:

> After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence. See 18 U.S.C. § 3621(a) ("A person who has been sentenced to a term of imprisonment … shall be committed to the custody of the Bureau of Prisons until the expiration of the term imposed"). To fulfill this duty, the BOP must know how much of the sentence the offender has left to serve. Because the offender has a right to certain jail-time credit under § 3585(b), and because the district court cannot determine the amount of the credit at sentencing, the Attorney General has no choice but to make the determination as an administrative matter when imprisoning the defendant.

*Id.* at 335. This does not mean that this Court cannot take into account a prior sentence when crafting the instant sentence. For example, if the Court wished to impose a 20-year sentence, but to "credit" Todd with the 15 months he served in prison on his VOSR sentence, it could impose a 225-month sentence, which would constitute 240 months minus 15 months. However, Todd is incorrect when he states, without

citation, that "the BOP does not have the power to determine whether Mr. Todd gets credit toward his Hobbs Act robbery conspiracy sentence for those 15 months." (Letter 2).

Second, the sentence this Court imposes today on Count One of the Indictment will begin running today. This is because a federal sentence begins when the defendant "is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). Accordingly, "[t]he earliest that a federal sentence may begin to run is on the date that it was imposed." *Cintron v. Warden, F.C.I. Otisville*, 52 F. Supp. 3d 654, 656 (S.D.N.Y. 2014) (Koeltl, *J.*) (citing *United States v. Labeille-Soto*, 163 F.3d 93, 98 (2d Cir. 1998)). In a case such as this, where the defendant is in federal custody at the time of his sentence, and there are no issues with a sentence being imposed to run consecutively to another, undischarged sentence, that is exactly what happens: the Hobbs Act sentence will begin to run today. Indeed, this Court could not order the Hobbs Act sentence to begin running before today if it wanted to do so:

> We see nothing in the [Sentencing Reform] Act [of 1984] to indicate that the court is permitted to order that the sentence be deemed to have commenced on an earlier date. Indeed, the determination of the precise date on which a sentence begins appears to have been intended to be a ministerial decision that depends on the timing of the defendant's arrival at the appropriate place with respect to the sentence that is to be served, and we have held that "[a]fter a defendant is sentenced, it falls to [the] BOP, not the district judge, to determine when a sentence is deemed to 'commence'…."

2

*Labeille-Soto*, 163 F.3d at 98 (citing *Werber v. United States*, 149 F.3d 172, 179 (2d Cir. 1998) and *United States v. Pineyro*, 112 F.3d 43, 45 (2d Cir. 1997) (per curiam)). That does not mean that Todd will serve the totality of his sentence, as imposed, from today; rather, the BOP will calculate his credit for time previously served under Section 3585.

Third, because Todd has already served his 15-month VOSR sentence of imprisonment, this Court cannot run today's Hobbs Act robbery sentence—which Todd will begin serving today—concurrent with the 15-month VOSR sentence. *See Labeille-Soto*, 163 F.3d at 98 ("Congress did not intend to allow the court to make a new prison term run concurrently with a prison term that has already been completed."); *see also*, *e.g.*, *United States v. Camacho*, No. 94 Cr. 313 (CSH), 2011 WL 5433918, at *3 (S.D.N.Y. Nov. 9, 2011) ("Just as it takes two to tango, it takes two existing sentences for them to be served simultaneously with each other. Judged by that measure, I could not sensibly have provided in my 2000 sentences that they would run concurrently from the beginning of Judge Keenan's 1994 sentences because, during the years between 1994 and 2000, Judge Keenan's sentences were not operating at the same time with mine, as yet unborn; and Judge Keenan's sentences did not have other sentences whose jail time could be served simultaneously with his.").

Fourth, under the plain meaning of Section 3585(b), the BOP likely will not credit Todd for the 15 months' imprisonment he served on the VOSR sentence, because that time "has … been credited against another sentence." That said, in the

3

Government's experience, the BOP asks that district courts be clear in their pronouncement of sentence, but attempt to administer the sentence in a way that most closely approximates the district court's intentions when the district court is unclear. Accordingly, if this Court does not announce its intentions today, it is possible that the BOP will assume that the Court, by saying nothing, meant to incorporate its prior determination that the VOSR sentence would run concurrently by crediting Todd with the time he previously served on that sentence; that is, it might assume that the Court means to impose a sentence 15 months less than the number it pronounces today. It also may not. Clarity by the Court will allow the BOP to act in accordance with the Court's announced determination of the appropriate sentence for Todd.

In short, there is little question that the Court *may* make clear that it does not intend for Todd to receive credit for the 15 months he served on the VOSR sentence; the only question is whether the Court chooses to do so. As the Government explained in its sentencing memorandum, it ought to do so. However, because of the fact that Todd's VOSR sentence was to run concurrent to a sentence that will be vacated, and

4

has now been completely discharged, in order to avoid confusion at the BOP, the Court should make its determination clear one way or the other.

Dated: New York, New York
February 25, 2020

                                        Respectfully submitted,

                                        GEOFFREY S. BERMAN
                                        United States Attorney for the
                                        Southern District of New York

By: _____
                                        Michael D. Maimin
                                        Assistant United States Attorney
                                        Tel: (914) 993-1952