UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v-

TAIJAY TODD,

Defendant.

No. 12 Cr. 45 (RJS)

ORDER

RICHARD J. SULLIVAN, Circuit Judge:

Defendant Taijay Todd moves for bail pending appeal in light of the ongoing COVID-19 pandemic. (Doc. No. 640.) The government opposes that motion. (Doc. No. 642.) For the reasons set forth below, Todd's motion is DENIED.

On February 28, 2013, Todd pleaded guilty to one count of conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951 and one count of using, carrying, and possessing a firearm in relation to the Hobbs Act robbery conspiracy in violation of 18 U.S.C. § 924(c)(1)(A)(iii) and 2. (Doc. No. 165.) On September 10, 2013, the Court sentenced Todd to 204 months' imprisonment on the conspiracy count, to be followed by a mandatory consecutive sentence of 60 months' imprisonment on the section 924(c) count. (Doc. No. 261.) Todd appealed that sentence as procedurally unreasonable but did not challenge its substantive reasonableness. (Doc. No. 262.) In October 2014, the Second Circuit affirmed. *United States v. Dore*, 586 F. App'x 42 (2d Cir. 2014).

Following the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), the parties agreed that Court was bound to vacate Todd's section 924(c) conviction because Todd's underlying crime of conspiracy to commit Hobbs Act robbery was not categorically a crime of violence. On February 25, 2020, the Court vacated the 924(c)

conviction and resentenced Todd on Count One, imposing the statutory maximum term of 240 months' imprisonment, which was above the advisory Guidelines range of 130 to 162 months' imprisonment. (Doc. No. 638 at 19, 43.) At sentencing, the Court justified the imposition of an above-Guidelines sentence, citing, among other things, the violence Todd perpetrated during the commission of the robberies at issue in his conviction and his continued tendency toward using violence while incarcerated. As the Court explained, although a conspiracy to commit a Hobbs Act robbery is not categorically a "crime of violence" under section 924(c), Todd's crimes – as he actually carried them out – involved significant violence. Following his resentencing, Todd was remanded to custody. He is incarcerated at the Metropolitan Detention Center in Brooklyn ("MDC"). On March 10, 2020, Todd filed a notice of appeal of his amended sentence. (Doc. No. 630.) The appeal is pending.

In his present motion for bail pending appeal, Todd states that the risk of an uncontrolled outbreak at MDC of COVID-19 poses a significant danger to his life, because he has asthma and is thus at an elevated risk of dying if he contracts the virus. Arguing that he satisfies the other prerequisites for bail pending appeal pursuant to 18 U.S.C. § 3143(b)(1), Todd requests that the Court grant bail on the basis that the COVID-19 pandemic constitutes exceptional circumstances under 18 U.S.C. § 3145(c). The government opposes the request, arguing that Todd cannot demonstrate that he satisfies any of the statutory requirements for bail pending appeal pursuant to 18 U.S.C. § 3143(b)(1). Further, the government contends, Todd cannot show that there are exceptional reasons rendering his detention inappropriate.

Under the Bail Reform Act, a person who, as relevant here, has been convicted of a crime of violence[1] and sentenced to a term of imprisonment is generally subject to mandatory detention

---

[1] Todd was convicted of a "crime of violence" as defined in the Bail Reform Act, because his conviction was for felony that "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 3156(a)(4)(B). As the government notes, the Second Circuit has held that this risk of force clause in the Bail Reform Act survives *Davis*. *United States v.*

2

pending appeal.  *See* 18 U.S.C. § 3143(b)(2) (providing that defendants found guilty of certain offenses "shall . . . be detained.")   The statute contains a narrow exception, however, where a defendant: (1) meets the requisite conditions for release set forth in 18 U.S.C. § 3143(b)(1), and (2) "clearly show[s] that there are exceptional reasons" why his detention would not be appropriate."  *Id*. § 3145(c).  Significantly, section 3143(b)(1) requires that the Court find "by clear and convincing evidence that the person is not likely to flee or pose a danger" to the community during release, *id*. § 3143(b)(1)(A), "and that the appeal 'raises a substantial question of law or fact likely to result in' reversal, a new trial, or a reduced sentence [to a term less than the total time already served plus the expected duration of the appeal process], and is not interposed for purposes of delay," *United States v. DiSomma*, 951 F.2d 494, 496 (2d Cir. 1991) (citing 18 U.S.C. § 3143(b)(1)).

Even assuming that the COVID-19 threat and Todd's asthma (PSR ¶ 117) constitute "exceptional reasons" weighing against Todd's detention, release is not permitted since Todd presents both a danger to his community and a risk of flight.  As the Court explained at Todd's re-sentencing, Todd has a significant history of violence in addition to other criminal activity.  While on supervised release for a prior drug conviction relating to the sale of crack cocaine, Todd personally participated in the brutal robberies that underlie his conspiracy conviction and that involved, among other things, stabbing, threatening, and beating victims.  (PSR ¶ ¶ 26, 28, 34, 36.)  And while in custody, Todd continued to possess weapons and engage in violence, including stabbing another inmate.  (PSR ¶ ¶ 14-15, 17; Doc. No. 622 at 19-20.)  Indeed, the Court found at the February 2020 resentencing proceeding that Todd was "as dangerous today as the day that" Todd was originally sentenced.  (Doc. No. 638 at 42.)  "Simply put, the danger to the community presented by [Todd's] release outweighs, substantially, the danger to himself

---

*Watkins*, 940 F.3d 152, 159–61 (2d Cir. 2019).  Todd does not contest that his conviction constitutes a crime of violence under the Bail Reform Act, nor does he dispute that he must meet the requirements of section 3143.

presented by his incarceration at [the MDC]." *United States v. Chambers*, No. 20-cr-135 (JMF), 2020 WL 1530746, at *1 (S.D.N.Y. Mar. 31, 2020) (quoting *United States v. Conley*, No. 19-cr-131 (PAE) (S.D.N.Y. Mar. 31, 2020), ECF No. 366 at 2–3); *see also United States v. Mercedes*, 254 F.3d 433 (2d Cir. 2001) (reversing grant of pre-trial release to armed robbery defendant).

Nor has Todd shown by clear and convincing evidence that he is not a flight risk. The twenty-year sentence imposed on Todd provides ample motive to flee, and – as previously noted – Todd has demonstrated his willingness to flout this Court's rules while on supervision. *See United States v. Sabhnani*, 493 F.3d 63, 66 (2d Cir. 2007) (noting "that defendants possess a strong motive to flee" because in addition to being "charged with a serious crime that allegedly involved violence," if convicted, they would "face a lengthy term of incarceration."); *United States v. Millan*, 4 F.3d 1038, 1046 (2d Cir. 1993) (reversing grant of pre-trial bail and noting "the potential sentence faced by [defendant]" as a factor contributing to his "high risk of flight"). In light of Todd's previous and repeated violations of such rules, the Court is not persuaded by Todd's assertions that he will not do so again.

As for whether his appeal "raises a substantial question of law or fact likely to result in' reversal, a new trial, or a reduced sentence," Todd has identified no facts or law that would render the Court's twenty-year sentence – nearly two years less than the aggregate sentence originally imposed and upheld by the Second Circuit – either procedurally or substantively unreasonable. 18 U.S.C. § 3143(b)(1). Indeed, Todd himself admits that the "likelihood that [he] will serve a lengthy sentence even if his appeal is resolved in his favor" makes his request "extraordinary." (Doc. No. 640 at 1.)

In short, while the Court is sympathetic to Todd's concerns about his health and the threat that COVID-19 poses, the statutory factors clearly mandate his continued detention. Accordingly, IT IS HEREBY ORDERED THAT Todd's motion for temporary release pending

appeal is DENIED. The Clerk of Court is respectfully directed to terminate the motion pending at document number 640.

SO ORDERED.

Dated:   April 24, 2020
         New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation